**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

SHERMAN GIBSON,                    )
N28018,                           )
                                  )
                    Plaintiff,    )
                                  )    Case No. 26-cv-863-DWD
vs.                               )
                                  )
MATTHEW PLUMMER,                  )
                                  )
                    Defendant.    )

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Sherman Gibson, an inmate of the Illinois Department of Corrections currently incarcerated at Menard Correctional Center, filed a Motion for a Temporary Restraining Order and/or Preliminary Injunction to initiate the opening of this action (Doc. 1). The motion is now before the Court and, for the reasons stated below, the motion is denied.

First, this action has not been properly initiated. "A civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3. No complaint has been filed. The instant filing, if construed as a complaint, would be dismissed for failure to state a claim upon which relief may be granted.

Under Federal Rule of Civil Procedure 8(a)(2), a complaint "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that each defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th

Cir. 2014) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation"). Here, Plaintiff names only Matthew Plummer, the Warden, as a defendant. However, Plaintiff does not allege with any specificity that the Warden was personally involved in the denial of yard access, the alleged placement in unsanitary conditions involving mold, mail tampering, or any denial of or interference with a state probate court order. The allegations are vague and conclusory, referring generally to deprivations and retaliation without detailing the Warden's personal actions or inactions, knowledge, acquiescence, or responsibility through policy or custom. Plaintiff has therefore failed to state a viable claim against the named Defendant.

Additionally, to the extent that Plaintiff wishes to raise claims against other prison employees or officials, he has not properly included them as defendants because he did not list their names in the case caption. A complaint fails to state a claim against any individuals not identified as defendants in the case caption. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005).

Because there is no operative complaint stating a colorable claim against any defendant, Plaintiff fails to make a "clear showing" that he is entitled to injunctive relief. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). A party seeking a TRO or preliminary injunction must make a threshold showing that: "(1) absent preliminary injunctive relief, he will suffer irreparable harm in the interim prior to a final resolution; (2) there is no adequate remedy at law; and (3) he has a reasonable likelihood of success on the merits." *Tully v. Okeson*, 977 F.3d 608, 612-13 (7th Cir. 2020). Plaintiff cannot show a reasonable

likelihood of success on the merits where he has not stated a colorable claim against the named Defendant (or any defendant).

Further, injunctive relief is appropriate only if it seeks relief of the same character sought in the underlying suit and deals with a matter presented in that underlying suit. *See, e.g., Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."); *see also Daniels v. Dumsdorff, et al.*, Case No. 19-cv-394 (S.D. Ill. 2019). Again, there is no operative Complaint, so injunctive relief is not appropriate.

Finally, Plaintiff's allegations do not satisfy the requirements for a TRO under Fed. R. Civ. P. 65(b). A TRO is an order issued without notice to the party to be enjoined and may last no more than fourteen days. The Court may issue a TRO only if specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result before the adverse party can be heard in opposition. Plaintiff's motion and supporting affidavit lack such specific facts. They provide no details on the duration of the yard denial, when Plaintiff was last permitted yard access, whether he is housed in restrictive housing or segregation, the severity or duration of any mold exposure or its effects on his health, the nature of any mail tampering, or how these conditions pose an immediate threat of irreparable harm. The reasons for the yard denial are described as unknown to Plaintiff, further underscoring the absence of a basis for emergency *ex parte* relief against the Warden.

For these reasons, the motion will be denied without prejudice.

## Disposition

The Motion for a Temporary Restraining Order and/or Preliminary Injunction (Doc. 1) is **DENIED** without prejudice.

This action will be dismissed unless Plaintiff files a proper Complaint within 30 days of the date of this Order. In any Complaint, Plaintiff must name each intended defendant in the caption, allege the personal involvement of each defendant in the claimed constitutional violations, and provide a short and plain statement of the facts supporting each claim—including the who, what, when, where, and how of the alleged deprivations to the extent possible. Plaintiff is strongly encouraged to use the Court's standard civil rights complaint form for persons in custody.

With the filing of the Complaint, Plaintiff must either pay the full filing fee or file a Motion for Leave to Proceed in Forma Pauperis ("IFP motion") along with a certified copy of his Trust Fund Statement for the 6-month period immediately preceding the filing of this action. Failure to file a Complaint and either pay the fee or submit a proper IFP motion within 30 days of June 18, 2026 will result in dismissal of this action under Federal Rule of Civil Procedure 41(b).

To enable Plaintiff to comply with this Order, the Clerk is **DIRECTED** to send him a civil rights complaint form and instructions for persons in custody. Plaintiff is reminded of his continuing obligation to notify the Court in writing of any change of address within seven (7) days of such change. Failure to do so may result in

dismissal for want of prosecution.

**SO ORDERED.**
Dated: June 23, 2026

DAVID W. DUGAN
United States District Judge