**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **SHERMAN GIBSON, N28018,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 26-cv-863-DWD** |
| | ) | |
| **MATTHEW PLUMMER,** | ) | |
| **JOHN DOE 1,** | ) | |
| **JOHN DOE 2,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff Sherman Gibson, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Menard Correctional Center (Menard), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. The Complaint (Doc. 9) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**IN FORMA PAUPERIS STATUS/LITIGATION HISTORY**

A review of publicly available court records demonstrates that in the past, Plaintiff Gibson has been denied *in forma pauperis* ("IFP") status in this District based on the conclusion that at least three of his previous lawsuits were dismissed for reasons that incurred a strike under 28 U.S.C. § 1915(g). *See Gibson v. Harrington*, Case No. 13-cv-316 (S.D. Ill. Apr. 19, 2013) (case initiated by the filing of a motion for a preliminary injunction, on review under § 1915A the Court concluded that Gibson had three previous strikes and that he had not demonstrated imminent danger in the motion for a preliminary injunction, so the entire action was dismissed); *Gibson v. Gaetz*, Case No. 09-cv-313 (S.D. Ill. Oct. 20, 2009) (case dismissed because Gibson had three previous strikes and did not demonstrate imminent danger or pay the filing fee to proceed). The cases that have been historically treated as strikes are: *Gibson v. Ryan, et al.*, Case No. 01-cv-377 (S.D. Ill. Oct. 29, 2001) (dismissing action for unspecified basis under § 1915A); *Gibson, et al., v. Pierson, et al.*, Case No. 98-cv-153 (S.D. Ill. Dec. 2, 1998) (dismissing action as frivolous); *Gibson, et al. v. Welborn, et al.,* Case No. 93-cv-83 (S.D. Ill. Aug. 31, 1993) (dismissing action as frivolous).

Though the undersigned respects earlier determinations in this District that Gibson incurred three strikes, the undersigned nevertheless finds it important to undertake a fresh review of the cases labeled as "strikes," particularly where the issue has not been freshly reviewed in more than a decade. *See e.g., Wallace v. Baldwin*, 895 F.3d 481, 485 (7th Cir. 2018) (a later district court may not defer to an earlier court's contemporaneous decision to label a dismissal as a strike). One of the three prior

"strikes"—*Gibson v. Ryan, et al.*—demands a closer review. The complaint in *Gibson v. Ryan* was an attempt to challenge the outcome of prison disciplinary proceedings. *Gibson v. Ryan, et al.*, Case No. 01-cv-377 (S.D. Ill. 2001) (Doc. 1). The reviewing judge concluded that Gibson could not state a freestanding conspiracy claim related to his prison disciplinary proceedings, and the judge also concluded that because Gibson lost good time credit in the disciplinary proceedings, his sole avenue for recourse began with a state habeas challenge. This portion of the analysis is consistent with binding precedent that still exists today, however, the court went on to reason that the action sounded in habeas and Gibson had not yet pursued any relief in state court, so any federal habeas action was premature as Gibson had not exhausted state court remedies. The court concluded that the § 1983 complaint "does not survive review under § 1915A" and it dismissed the action with prejudice and indicated it counted as a strike.

The difficulty with the dismissal of *Gibson v. Ryan* is that the order of dismissal was not clear about the reason or reasons for dismissal. The Seventh Circuit is clear that if an action is dismissed for multiple reasons, any of which is not an enumerated basis under §1915A, then the action does not count as a strike. *See e.g.*, *Turley v. Gaetz*, 625 F.3d 1005, 1012 (7th Cir. 2010) ("Our holding today clarifies that a strike is incurred under § 1915(g) when an inmate's case is dismissed *in its entirety* based on the grounds listed in § 1915(g)."). The enumerated grounds for dismissal under § 1915(g) are that a complaint is dismissed for failure to state a claim, as frivolous, or as malicious. 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, one 3 or more prior occasions, while

incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."). Gibson's complaint in *Gibson v. Ryan* was dismissed in part for failing to state a conspiracy claim and because a § 1983 action cannot be brought until prison discipline is overturned, but it was also dismissed because the only viable claim sounded in habeas and he had not yet pursued his state court habeas remedies.

The first part of the dismissal jives with the failure to state a claim under § 1915A, but the second portion concerning a potential habeas claim and the exhaustion of that claim do not fit neatly within the § 1915A bases for dismissal. It is possible that the judge thought Gibson's premature filing of an action without pursuing state court remedies was frivolous, but the judge did not say so, and this Court cannot now assume the judge thought that where the record was silent. *See Haury v. Lemmon*, 656 F.3d 521, 523 (7th Cir. 2011) (reviewing a case dismissed in part for failure to state a claim and in part for lack of jurisdiction and concluding that where the district court judge did not indicate the assertion of jurisdiction was frivolous, later courts could not assume frivolity or count the jurisdictional defect as a strike). Thus, based on the foregoing analysis, the Court is not convinced that the dismissal of *Gibson v. Ryan, et al.*, Case No. 01-cv-377 (S.D. Ill. 2001) should be treated as a strike.

Given that the Court does not consider the *Gibson v. Ryan, et al.,* dismissal a strike, and because it did not locate a substitute strike, it now concludes that Gibson is *not* struck

out for purposes of § 1915(g). Additionally, the Court questions whether *Gibson, et al., v. Pierson, et al.*, Case No. 98-cv-153 should be counted as a strike. That case began as a multi-plaintiff action, and the complaint was initially dismissed under Federal Rule of Civil Procedure 11 for lacking signatures of all plaintiffs, and under then-existing Local Rule 8 for the plaintiffs' failure to fully disclose their litigation history. *Id.* (Doc. 10). Ultimately, Plaintiff Gibson never filed a signed complaint, nor did anyone file an amended complaint. The matter ended up being dismissed, and the judgment stated the dismissal was "frivolous." (Doc. 16). Though frivolity is an enumerated basis under § 1915(g) to assess a strike, the undersigned is not persuaded that Mr. Gibson (who never signed the underlying complaint) really engaged in frivolous conduct in that action rather than purely failing to follow procedural rules. A dismissal for procedural reasons is not an enumerated basis for a strike, and thus, the Court does not view *Gibson, et al. v. Pierson, et al.*, as a strike. Given that the undersigned does not believe Plaintiff's litigation history supports a finding of three strikes, the IFP application shall now be evaluated to determine if Plaintiff qualifies for a partial filing fee or if he must pay the full fee up front.

**THE COMPLAINT**

Plaintiff presents his factual allegations as three distinct claims. (Doc. 8 at 3-6). In Claim 1, Plaintiff faults Defendant Plummer (the warden) for failing to address his complaints about mice, roaches, spiders, insects, excess heat, filth, and a lack of fresh air in the east cellhouse. (*Id.* at 3-4). Plaintiff alleges that he has informed Plummer daily about the various pests. (*Id.* at 3). He also alleges he has been bitten by pests, and he is having breathing issues and eye irritation related to the filth. Plaintiff alleges that as

warden, Plummer has a duty to provide adequate conditions of confinement, but he has chosen to turn a blind eye to the inhumane conditions. (*Id.* at 4).

In Claim 2, Plaintiff faults John Doe 1 (the east cellhouse sanitation officer) for failing to sanitize the cellhouse. Plaintiff claims he spoke to John Doe 1 about the dirt and grime caked on the fans, windows, screens, and vents. (*Id.* at 4). He alleges he also complained about the filth and old food caked on the walls, window sills, and floors. (*Id.*). Plaintiff argues that John Doe 1 had a responsibility to remedy these issues once he was informed, but he has failed to act. (*Id.* at 4-5).

In Claim 3, Plaintiff faults John Doe 2 (the assistant warden of operations) for denying him access to the courts and keeping him locked in a cell 24 hours per day. (*Id.* at 5-6). Plaintiff explains he has written numerous letters to John Doe 2, but nothing has been done. He alleges that he informed the defendant that being locked in a cell 24/7 is causing him to mentally and physically deteriorate. (*Id.* at 6). Plaintiff complains that at most he may get out of his cell once in a thirty-day period, but this does not always occur. He further alleges that John Doe 2 is impeding his access to the courts by only running law library every 30 to 90 days. Plaintiff alleges that as the assistant warden of operations, John Doe 2 has a duty to ensure out of cell recreation, and access to the law library. He alleges that John Doe 2's failure violates his rights under the Eighth Amendment. (*Id.*).

Plaintiff seeks monetary compensation. (*Id.* at 7). In support of his complaint, he submitted copies of two memorandums written to him by Warden Plummer. Both memos direct Plaintiff to utilize the grievance process and indicate they were sent in response to correspondence that Plaintiff sent to the governor's office. (Doc. 8 at 13-14).

To establish a conditions of confinement claim, an inmate must establish (1) a deprivation that is, from an objective standpoint, sufficiently serious that it results in the denial of the minimal civilized measure of life's necessities, and (2) where prison officials are deliberately indifferent to this state of affairs. *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016), *citing* *Farmer v. Brennan*, 511 U.S. 825, 824 (1994). Conditions may be considered collectively when analyzing a conditions of confinement claim, and the duration of the allegedly harmful conditions is relevant to the existence of an Eighth Amendment violation. *Id.* Many conditions standing alone may not be sufficient to give rise to an Eighth Amendment conditions of confinement claim, but they must also be considered collectively. *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006).

Though Plaintiff's complaint generally references conditions that could amount to a constitutional violation, the complaint is relatively threadbare and gives no indication of the duration of these problems or the severity of the ill-effects. Has Plaintiff resided in the east cellhouse under these conditions for a month, two months, a year? The duration of conditions is relevant to the existence of an Eighth Amendment violation. Additionally, Plaintiff alleges he has been bitten by some sort of pest, his breathing has been impacted, and his eyes have been irritated. However, he does not explain if he notified Defendants Plummer or John Doe 1 about these issues, if he sought medical care, or if these physical issues persist. Without more information about Claims 1 and 2, it is impossible for the Court to determine yet if the conditions that Plaintiff describes rise to the level of an Eighth Amendment issue. Claims 1 and 2 against Defendants Plummer and John Doe 1 are dismissed as insufficiently pled.

As to Claim 3, Plaintiff faults John Doe 2 for impeding his access to the courts and for not affording him any out-of-cell time. The out-of-cell time assertion is similar to the conditions of confinement claims discussed above. Plaintiff does not describe how long he has faced the lack of recreation, other than generically saying he is usually in his cell 24/7, and may only get out once a month. This is not enough information to assess this claim. How long has Plaintiff been in this housing situation, and for how much of that time has he been confined to his cell? As for the access to the courts assertion, a successful access to courts claim requires an inmate to show he has been prevented from pursuing a meritorious claim or action. *See e.g.*, *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (an inmate must allege that his alleged lack of access to the courts caused him an actual injury in pursuing litigation). Plaintiff generally alleges he has not been able to attend law library, but he does not identify cases or claims where the lack of access has harmed him. Thus, Plaintiff has failed to state a claim against John Doe 2.

For all of the foregoing reasons, Plaintiff's Complaint (Doc. 8) must be dismissed as insufficient to state a claim. Plaintiff shall have 30 days to amend his complaint. An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original pleadings. Thus, the Amended Complaint must stand on its own, without reference to any previous pleading. If Plaintiff fails to plead an adequate claim, his case will be dismissed for failure to state a claim, and he will receive a strike. 28 U.S.C. § 1915(g).

## Motion for Reconsideration

At the outset of this case, Plaintiff sent the Court a motion for a temporary restraining order or preliminary injunction (Doc. 1). The Court reviewed the document and denied the motion because Plaintiff had not yet filed a complaint with claims sufficient to proceed, and the motion otherwise did not convince the Court that immediate relief was warranted. (Doc. 3). Plaintiff now seeks reconsideration of the Court's denial of injunctive relief on the premise that he has limited law library access, he has now filed a complaint, and his life is in danger. (Doc. 9 at 1-2). He seeks removal from the east cellhouse and help with a state court probate matter. (Doc. 9 at 2).

Plaintiff's Motion (Doc. 9) will be denied because he still has not pled any claims sufficient to proceed beyond initial review in his complaint (Doc. 8). The Court will not grant mandatory injunctive relief before Plaintiff has pled valid claims against the named defendants. Additionally, Plaintiff's motion is almost entirely conclusory, alleging without factual support that his life is in danger. Without more information about the source of the danger, the Court cannot even begin to craft injunctive relief. Thus, the motion is denied.

## DISPOSITION

**IT IS HEREBY ORDERED THAT** Plaintiff's Complaint (Doc. 8) is **dismissed without prejudice** as insufficient to state a claim. Plaintiff shall have 30 days to file an amended complaint, failing which this case will be dismissed for failure to state a claim. If Plaintiff does not amend, this dismissal will become final and will constitute a strike under § 1915(g). Plaintiff's Motion to Reconsider (Doc. 9) is **DENIED**.

The Clerk of Court is **DIRECTED** to review Plaintiff's Motion to Proceed In Forma Pauperis (Doc. 4) so that a filing fee may be assessed.

**IT IS SO ORDERED.**

**DATED: August 14, 2026**

Judge Dugan

Digitally signed by Judge Dugan
Date: 2026.08.14 06:32:53 -05'00'

DAVID W. DUGAN
United States District Judge